**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:14-cv-00009-FDW**

| | |
|---|---|
| JACK P. MOORE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) **ORDER** |
| | ) |
| SIDNEY HARKELROAD, | ) |
| | ) |
| Respondent. | ) |

**THIS MATTER** is before the Court on an initial review of the petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. See Rule 4 Governing Section 2254 Cases.

### I. BACKGROUND

Petitioner is presently a prisoner of the State of North Carolina following his conviction by a jury in the Buncombe County Superior Court on two counts of second-degree rape, one count each of first-degree kidnapping, possession of cocaine, possession of drug paraphernalia, habitual misdemeanor assault, and for being a habitual felon. The jury returned their verdict on August 3, 2003, and Petitioner was sentenced that same day to a total term of 665 to 845 months' imprisonment. Petitioner appealed.

On October 4, 2005, the North Carolina Court of Appeals issued a published opinion finding no prejudicial error affecting his convictions but his case was remanded to the trial court because one of the rape convictions was erroneously relied upon to elevate his sentence. State v. Moore, 620 S.E.2d 1 (N.C. Ct. App. 2005). On October 31, 2005, Petitioner was resentenced on the kidnapping count to a term of 133 to 160 months and he was remanded to the custody of the

1

North Carolina Department of Corrections. Petitioner did not file a direct appeal.

On November 8, 2005, Petitioner filed a pro se motion for appropriate relief (MAR) in Buncombe County Superior Court. (1:06-cv-255, Doc. NO. 13-3: MAR). Among other claims, Petitioner argued that his trial counsel labored under a conflict of interest, but the superior court summarily denied the MAR after concluding that Petitioner had presented no meritorious grounds for relief. (Id., Doc. No. 13-4: Order). Next, on May 8, 2006, Petitioner filed a "Petition for; Motion of Appropriate Relief/Certiorari" in the Supreme Court of North Carolina which was dismissed on June 29, 2006. State v. Moore, No. 253P06 (N.C. June 29, 2006). On July 24, 2006, Petitioner filed a "Petition of Habeas Corpus in Motion to Resubmit Petition of Motion for Appropriate Relief/Certiorari" which was denied by the Supreme Court on July 26, 2006. State v. Moore, No. 253P06-2 (N.C. July 26, 2006). (Id., Doc. No. 12-2).

On August 22, 2006, Petitioner continued his pursuit of collateral relief by filing his first § 2254 petition in this district. See (1:06-cv-255-GCM). The Court ordered the State to respond and a motion for summary judgment was soon filed wherein the State contended first that Petitioner had failed to exhaust his administrative remedies pursuant to 28 U.S.C. § 2254(b)(1)(A). In the alternative, the State contended that all of the claims were without merit and should be summarily dismissed.

Specifically, as to exhaustion the State argued that Petitioner had failed to follow the North Carolina statutory procedures governing collateral proceedings. Namely, Petitioner never filed a petition for a writ of certiorari with the North Carolina Court of Appeals from the superior court's denial of his MAR. Instead, Petitioner erroneously filed his certiorari petition in the Supreme Court. (Id., Doc. No. 12 at 4). The Court noted that the Supreme Court of the United States holds that the provisions of § 2254 require "state prisoners to give state courts one full

opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." (Id., Doc. 19: Order) (citing O'Sullivan v. Boerckel, 526 U.S. 838 (1999)). As the Court noted, a full opportunity to address these issues includes filing a petition for discretionary review when that procedure is a part of the standard procedure. (Id., at 3) (citing N.C. Gen. Stat. § 7A-31; N.C. Gen. Stat. § 15A-1422).[1]

In its Order of dismissal, the Court found that in Petitioner's case, as he was challenging the denial of his MAR, the proper procedure was to file a petition for a writ of certiorari with the North Carolina Court of Appeals. Accordingly, because Petitioner could offer no evidence that he had properly exhausted his state administrative remedies in this fashion the Court dismissed the § 2254 without prejudice and Petitioner appealed. On July 11, 2007, the Fourth Circuit dismissed his appeal. Moore v. Harkleroad, 234 F. App'x 123 (4th Cir. 2007) (unpublished).

On December 6, 2013, Petitioner filed a second § 2254 petition, this time in the Eastern District of North Carolina. Moore v. Harkleroad, No. 5:13-HC-2256-D. On January 14, 2014, the district court transferred the petition to this district on the ground that Petitioner was convicted within the Western District. (1:14-cv-00009-FDW, Doc. No. 6). In his initial filing Petitioner presented a one-page handwritten "Motion for Review of Habeas Corpus Petition." In this letter, Petitioner contends that his 2006 habeas petition was not addressed in an honest manner in the Western District. In support of this assertion, Petitioner contends that he received a letter from the Supreme Court of North Carolina indicating that his MAR/Certiorari petition was sent by the Supreme Court to the court of appeals by email. Yet, Petitioner offers no evidence of this, other than his claim, nor does he include a disposition from the court of appeals. (Doc. No. 1). The

---

[1] As discussed above, Petitioner filed two motions for relief in the Supreme Court of North Carolina however this is plainly insufficient to challenge the denial of a MAR. See N.C. R. App. P. 21(e) (providing that except in cases of murder, a petition for a writ of certiorari to challenge an MAR order must be filed in the court of appeals) and N.C. Gen. Stat. § 15A-1422.

court in the Eastern District noted the deficiency in the filing of a hand written habeas petition and Petitioner was presented with standard forms on which to prepare his § 2254 petition. (Doc. No. 2). Petitioner then submitted the standard form under penalty of perjury. In this § 2254 petition, when asked to recount the procedural history of his State proceedings, and the claims he wished to present in this proceeding, Petitioner only repeatedly refers to his § 2254 petition in Civil Case No. 1:06-cv-255-GCM; yet he again offers no credible evidence that he has obtained a ruling from the court of appeals on a petition for a writ of certiorari.

For the reasons that follow, the Court finds that Petitioner's second § 2254 petition should be dismissed as untimely.

## II.     DISCUSSION

The AEDPA provides in relevant part:

A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

>   (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time seeking such review;
>
>   (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from timely filing;
>
>   (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively to cases on collateral review; or
>
>   (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d).

Petitioner's conviction was final following his resentencing in November 2005, after the time for filing a direct appeal expired. Petitioner's MAR was denied and then he erroneously

pursued relief through the Supreme Court of North Carolina rather than the court of appeals and this effort was denied in July 2006. Petitioner's first § 2254 petition was dismissed without prejudice for failure to exhaust his state remedies on January 17, 2007, and the Fourth Circuit dismissed his appeal on July 20, 2007. Thus, Petitioner waited some six and half years to file this second § 2254 petition and he did so in the Eastern District because he objected to the conclusions reached in this district.

In a "Motion for Summary Judgment" filed on January 27, 2014, Petitioner explains that the State, the North Carolina Court of Appeals, the North Carolina Attorney General's office and this district have "purposely conspired to lie, cheat, and harass Petitioner as to his exhaustion in State Ct. (N.C. Court of Appeals)." See (1:14-cv-00009, Doc. No. 10). This still does not explain why Petitioner waited over six years to seek further federal habeas relief and moreover, he provides no evidence that he ever submitted a proper petition for a writ of certiorari to the court of appeals, either before he filed his first federal habeas petition, or after. Petitioner's contention that the Supreme Court emailed the petition he erroneously filed in that Court does nothing to demonstrate that he filed the petition in a manner prescribed under the North Carolina law which governs collateral proceedings. In fact, it appears that Petitioner has steadfastly refused to personally file a petition for a writ of certiorari in the court of appeals to challenge the denial of his MAR.

Nevertheless, a § 2254 petition can be considered on the merits, in very limited circumstances, if it is untimely under § 2244(d) and the petitioner can establish grounds for an equitable tolling of the one-year statute of limitation. See Holland v. Florida, 560 U.S. 631 (2010). A petitioner seeking the benefit of equitable tolling must demonstrate to the court that he has been diligently pursuing his claims and that an extraordinary circumstance prevented filing

his timely habeas petition. Id. at 655 (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Petitioner has plainly failed to meet such a showing in this case as he failed to avail himself of the opportunity to seek certiorari review of his MAR in the court of appeals and over six years have passed since Petitioner was informed that this was the proper procedure under North Carolina law.

For the foregoing reasons, the Court finds this § 2254 habeas petition should be dismissed.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's petition for a writ of habeas corpus is **DENIED** and **DISMISSED**;

2. Petitioner's motion for appointment of counsel is **DENIED**. (Doc. No. 8);

3. Petitioner's motion to stay transfer of case is **DENIED**. (Doc. No. 9);

4. Petitioner's motion for summary judgment is **DENIED**. (Doc. No. 10).

5. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk of Court is directed to close this civil case.

**IT IS SO ORDERED**.

Signed: February 27, 2014

Frank D. Whitney
Chief United States District Judge